

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| MORRIS MITCHELL SILVER, M.D., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-233-MGL |
| | § | |
| CAROLINAS MEDICAL ALLIANCE, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AS PROVIDED HEREIN AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Morris Mitchell Silver, M.D., filed this job discrimination action against his former employer, Carolinas Medical Alliance (CMA), complaining of age discrimination, as proscribed by the Age Discrimination in Employment Act, and gender discrimination, in violation of Title VII of the Civil Rights Act of 1964. Silver also brings state law claims for breach of contract concerning moving expenses and tail end insurance, breach of contract accompanied by a fraudulent act, promissory estoppel, slander per se, negligent misrepresentation, constructive fraud, and actual fraud. The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting CMA's motion for summary judgment be granted as to Silver's claims of age discrimination, breach of contract as it relates to tail end insurance, breach of contract accompanied by a fraudulent act, promissory estoppel, negligent misrepresentation, and both claims of fraud. She further recommends the motion be denied as to Silver's claims of gender discrimination, breach of contract related to the payment of moving expenses, and slander per se.

The Magistrate Judge prepared the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 28, 2018, Silver and CMA filed their objections on January 11, 2019, and the parties filed their replies on January 25, 2019. The case was reassigned to this Court on that same date.

**CMA's Objections**

CMA raises just one objection to the Report. In its objection, it contends "the Magistrate Judge erred in recommending denial of CMA's motion for summary judgment on . . . Silver's Title VII sex discrimination claim as . . . Silver has failed to present evidence that Darcy Craven's reason for termination was pretextual." CMA's Objections 4. Darcy Craven, as the Chief Executive Officer of CMA, terminated Silver's employment with CMA on November 18, 2015.

The only argument CMA presents concerns the Magistrate Judge's suggestion Craven's inconsistent statements about why he terminated Silver may be considered as evidence of pretext. According to CMA, "[t]he one and only reason the Magistrate Judge gives in her Report and Recommendation that there is an inconsistency in . . . Craven's [first] explanation for terminating . . . Silver's Employment Agreement is . . . Silver alleges he was told he hadn't done anything

2

wrong, and . . . Craven subsequently testified he terminated . . . Silver's Employment Agreement because four out of the five doctors refused to work with him." CMA's Objections 5 (citation omitted).

In CMA's motion for summary judgment, it expands on Craven's second statement and says he terminated Silver "due to his concerns with . . . Silver's behavior and the fact that his co-workers no longer wanted to work with him based on his inappropriate behavior and patient care." CMS's Motion 9. CMA maintains the first and second statements are consistent. The Court is unable to say CMA is correct as a matter of law.

A reasonable jury might well conclude it inconsistent for Craven first to say Silver had done nothing wrong when it terminated him, providing no reason for his termination, but later state he terminated Silver because his alleged conduct was such that four out of five doctors refused to work with him. And, if a jury so finds, it might also conclude Craven's stated reasons for discharging Silver were merely pretextual. See *Alvarado v. Bd. of Trustees*, 928 F.2d 118, 122–23 (4th Cir. 1991) (holding a plaintiff presents sufficient evidence of pretext by showing his employer first asserted he was being fired for one reason, but then later alleged that he was fired on another basis). Therefore, the Court will overrule CMA's objection.

CMA fails to raise any objections concerning the Magistrate Judge's suggestion the Court deny its motion for summary judgment on Silver's claims of breach of contract related to the payment of moving expenses and slander per se. Because the Court agrees with the Magistrate Judge's recommendation on those claims, it will deny summary judgment on those claims.

**Silver's Objections**

Silver submits five objections to the Report. First, he "objects to the Magistrate Judge's finding . . . [he] has not provided direct evidence of discrimination sufficient to survive summary judgment[ ]" on his age discrimination claim. Silver's Objections 2. The Court is unconvinced the Magistrate Judge erred.

This objection is centered on a comment by "Stonerock [telling] Phillips she did not want another older, male in the practice." Report 21 (citation omitted). She made this remark "[i]n or around the third week of September 2015[. ]" *Id*. (citation omitted). Silver was fifty-eight years old at the time of his hiring and termination. *Id*. 28 n.12 (citation omitted). Stonerock, a younger woman, and Phillips, an older man, were doctors in the same practice as Silver.

Silver contends "Stonerock made the termination decision--all [Craver] did was rubber stamp the allegations made by Stonerock." Silver's Objections 4. The Court is aware other courts in the Fourth Circuit have held it appropriate to consider the role a co-worker might have in making employment decisions. *See, e.g., Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 288–89 (4th Cir. 2004) ("[T]he person allegedly acting pursuant to a discriminatory animus need not be the 'formal decisionmaker' to impose liability upon an employer for an adverse employment action, so long as the plaintiff presents sufficient evidence to establish that the subordinate was the one 'principally responsible' for, or the 'actual decisionmaker' behind, the action.") *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Hoffman v. Baltimore Police Dep't*, No. Civil Case No. 04-3072, 2009 WL 167144, at *14 (D. Md. Jan. 21, 2009) (Although "Zollicoffer technically may have had authority as the 'sole' decision maker, the record does not support the conclusion that, in making his decision, he was immune from the influence of others.").

4

Yet, even when the Court considers Stonerock's alleged role in terminating Silver, the Court agrees with the Magistrate Judge that Stonerock's remark to her co-worker Phillips, not to Craven, the decision maker, that *"she did not want another older, male in the practice[,]"* Report 21 (citation omitted), is "too remote to provide the needed casual link[,]" *id*. 24. In addition, "Stonerock's statement to Phillips was around September 2015, at least two months prior to the late November 2015 decision to terminate Plaintiff, which is too remote to provide the needed causal link." Report 24. For these reasons, the Court will overrule Silver's first objection.

Second, Silver "objects to the Magistrate Judge's ruling . . . [he] has not set out sufficient evidence to show that his age was a "but-for" cause of his termination. Silver's Objections 5. The Court agrees with Silver.

As already noted, the Magistrate Judge recommends the Court deny CMA's motion for summary judgment on Silver's gender discrimination cause of action, but grant it on his age discrimination claim. Although Silver posits the same evidence for each claim, the Magistrate Judge concluded summary judgment was appropriate as to Silver's age discrimination claim because he had failed to satisfy the "but-for" standard of proof applicable to age discrimination cases, which is more demanding than the motivating factor standard of proof applied to Title VII claims.

In the Supreme Court's consideration of another age discrimination case, it opined "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000). "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id*.

"Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt." *Id*. (citations omitted) (internal quotation marks omitted). "Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." *Id*.

The Magistrate Judge concluded Silver established a prima facie case of age discrimination but that he was unable to establish pretext. Yet, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id*. at 148.

As the Court has already discussed, Craven gave arguably inconsistent statements as to why he was terminating Silver. If a jury finds it inconsistent, it might "reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Id*. at 147. Therefore, the Court will sustain Silver's second objection.

Third, Silver "objects to the Magistrate Judge's findings . . . [his] claim for negligent misrepresentation should be dismissed on summary judgment. Silver's Objections 8. Silver maintains the Magistrate Judge erred in recommending CMA owed no duty of care to him to inform him Stonerock objected to CMA's extending an offer of employment to him. The Court disagrees.

A plaintiff, to establish liability for negligent misrepresentation, must establish by a preponderance of the evidence:

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that

6

> duty by failing to exercise due care; (5) the plaintiff justifiably relied
> on the representation; and (6) the plaintiff suffered a pecuniary loss
> as the proximate result of his reliance on the representation.

*Turner v. Milliman*, 708 S.E.2d 766, 769 (2011). Silver has failed to satisfy the third element of this claim.

As the Magistrate Judge recognized, Silver wishes for this Court to hold "any offer of employment [must] include information about whether anyone objected to the extension of that offer." Report 44. Yet, he has neglected to present any South Carolina law supporting such a proposition; and the Court has been unable to find any. Consequently, Silver has failed to demonstrate CMA owed him a duty of care to tell him of Stonerock's opposition to his employment with CMA. Thus, the Court will overrule this objection.

Fourth, Silver "objects to the Magistrate Judge's holding . . . (to the extent [s]he so holds) that [he] cannot premise a negligent misrepresentation claim on an omission." Silver's Objections 11. According to Silver, CMA made a false representation to him by neglecting to disclose to him before he accepted CMA's offer of employment Stonerock did not want him in the practice. The Court need not discuss the merits of this objection.

"The failure to prove any element of fraud or misrepresentation is fatal to the claim." *Schnellmann v. Roettger*, 645 S.E.2d 239, 241 (2007). As provided above, Silver is unable to establish the duty-of-care element of his negligent misrepresentation claim. Therefore, this objection is of no consequence and must be overruled

Fifth and finally, Silver "objects to the Magistrate Judge's . . . recommending dismissal of [his] fraud claims." Silver's Objections 12. The Court agrees with the Magistrate Judge.

7

"To establish [actual] fraud, a party must prove: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Robertson v. First Union Nat. Bank*, 350 S.C. 339, 347–48, 565 S.E.2d 309, 313–14 (S.C. Ct. App. 2002). "To establish constructive fraud, all elements of actual fraud except the element of intent must be established." *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C Ct. App.1993).

As noted above, failure to prove any element of fraud is fatal to the action. *Schnellmann*, 645 S.E.2d at 241. Further, "[f]raud cannot be presumed; it must be proved by clear, cogent, and convincing evidence." *Foxfire Village, Inc. v. Black & Veatch, Inc.*, 404 S.E.2d 912, 917 (S.C. Ct. App.1991).

Both Silver's constructive and actual fraud claims are based on the same allegation: CMA "intentionally [failed] to disclose to [him] prior to, during, and for some time after the signing of his employment contract with [CMA], that Stonerock did not want [him] working in the practice . . . and that she was, in fact, adamantly opposed to it." Complaint ¶¶ 112, 122.

Simply put, CMA's failure to inform Sliver of Stonerock's opposition to CMA hiring him does not amount to a false representation. Thus, he is unable to satisfy all of the elements of his two fraud claims, which makes summary judgment appropriate. The Court will, therefore, overrule this objection, too.

Silver fails to raise any objections to the Magistrate Judge's suggestion the Court grant summary judgment as to his claims of breach of contract as it relates to tail end insurance, breach of contract accompanied by a fraudulent act, and promissory estoppel. Therefore, inasmuch as the

Court agrees with the Magistrate Judge's treatment of these causes of action, it will grant summary judgment on these claims.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules all the objections except Silver's objection concerning his age discrimination claim, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court CMA's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

Specifically, CMA's motion for summary judgment is **GRANTED** as to Silver's claims of breach of contract as it relates to tail end insurance expenses, breach of contract accompanied by a fraudulent act, promissory estoppel, negligent misrepresentation, and both claims of fraud; and **DENIED** as to his claims of age discrimination, gender discrimination, breach of contract related to the payment of moving expenses, and slander per se.

**IT IS SO ORDERED**.

Signed this 13th day of February, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE